IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RICHARD SHAWN WILCOX,

        Petitioner,        Civil No. 06-861-AA

    v.                        ORDER

CHARLES DANIELS,

        Respondent.

AIKEN, District Judge.

    Petitioner filed a petition under 28 U.S.C. § 2241 alleging violations of his constitutional due process rights in connection with a sanction he received for violating inmate rules by attempting to use a telephone to smuggle drugs into FCI Sheridan.

1 - ORDER

Petitioner prayer for relief requests that the court set aside or vacate all sanctions imposed on petitioner and restore his good time release date of October 25, 2006, "so that petitioner may be released immediately to the Oregon Halfway House to begin his DAP aftercare Program that he was scheduled to begin on May 15, 2006."

On November 24, 2006, petitioner filed a notice of change of address informing the court that his current address is the Oregon Halfway House.

Petitions for habeas relief, like other invocations of federal jurisdiction, are subject to the "case and controversy" requirement of Article III, Section 2, of the United States Constitution. See, Spencer v. Kemma, 523 U.S. 1 (1998). Thus to avoid dismissal on the basis of mootness, a federal habeas case must present an active case or controversy under Article III, § 2, of the United States Constitution. Spencer, 523 U.S. at 7. Furthermore, "'[T]his case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. ... The parties must continue to have a personal stake in the outcome.'" Id (quoting ewis v. Continental Bank Corp., 494 U.S. 472, 477-478 (1990)). This means that a petitioner "'must

2 - ORDER

have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Id., (quoting Lewis, 494 U.S. at 477). In addition, an actual controversy must exist at all stages of appellate review, and not simply at the date on which an action is initiated." Roe v. Wade, 410 U.S. 113, 125 (1973).

In Brady v. United States Parole Comm., 600 F.2d 234, 236 (9th Cir. 1979), the court held that a federal prisoner's habeas corpus appeal from the Parole Commission's decision to keep him in custody became moot when the prisoner was released on parole. Similarly, in Fendler v. United States Bureau of Prisons, 846 F.2d 550, 555-56 (9th Cir. 1987), the court dismissed as moot a federal prisoner's challenge to his parole release date after he was released on parole. See also, Cox v McCarthy, 829 F.2d 800 (9th Cir. 1987) (ex post facto challenge to new law imposing additional periods of incarceration for parole violators moot upon release from prison); Aaron v. Pepperas, 790 F.2d 1360 (9th Cir. 1986) (habeas challenge to length of sentence moot when prisoner released from prison)). In Picron -Peron v. Rison, 930 F.2d 773 (9th Cir. 1991), the court again addressed the issue of

3 - ORDER

mootness as it pertains to a prisoner's release, and explained that: "Historically, the function of the writ is to secure immediate release from illegal physical custody. The Supreme Court has held that 'under the writ of habeas corpus we cannot do anything else than discharge the prisoner from the wrongful confinement.' The Court has also stated that 'habeas lies to enforce the right of personal liberty; when that right is denied and a person confined, the federal court has the power to release him. Indeed, it has no other power.'" Id., at 775 (quoting Faye v. Noia, 372 U.S. 391, 430-31 (1963) (citations omitted). Picron-Peron then held: "If it appears that we are without power to grant the relief requested, then the case is moot." Id., at 775 (citing Robbins v. Christianson, 904 F.2d 492, 494 (9th Cir. 1990)).

Most recently, in Burnett v. Lampert, 432 F.3d 996 (9th Cir. 2005), the petitioner argued that the Oregon Parole Board unconstitutionally deferred his parole release date, which resulted in him suffering an additional three years and eight months of unlawful confinement.. While the petitioner's federal habeas corpus petition was pending in the district court, he was released on parole. The court declined to consider the petitioner's claims, on the grounds that they

4 - ORDER

were rendered moot by the petitioner's release.   Id.,

Specifically, Burnett held that: "The 'actual injury traceable to the [State of Oregon}' for which Burnett seeks relief *cannot be 'redressed by a favorable ... decision ' of the court issuing a writ of habeas corpus.* Spencer, 523 U.S. at 7." Burnett, 432 F.3d at 1000-101 (emphasis added).

In this case, petitioner challenges a disciplinary sanction which delayed his release date. Petitioner 's prayer seeks relief of release to the Oregon Halfway House. The record reflects that petitioner has now been released and is currently residing at the Oregon Halfway House. Thus, whatever the merits of his claim may be, it is clear that the relief petitioner seeks cannot be redressed by the court's decision. Accordingly, there is not case or controversy and petitioner's claim is moot.

This action is dismissed for lack of jurisdiction.

IT IS SO ORDERED

DATED this 9 day of January, 2007.

*Ann Aiken*
Ann Aiken
United States District Judge